UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

K.P.,

    Plaintiff,

v.    Case No.:   2:24-cv-272-SPC-KCD

THE INDIVIDUALS,
PARTNERSHIPS, AND
UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON
SCHEDULE A,

    Defendant.
_____/

# ORDER

Plaintiff is a local artist who holds copyrights over her original works. She sues several e-commerce stores that "are promoting, selling, offering for sale and distributing goods bearing or using unauthorized reproductions or derivatives of [her] Copyrighted Works." (Doc. 1 at 1-2.)

Now before the Court is Plaintiff's Motion for Leave to File Under Seal Certain Documents Containing Identifying Information About the Parties. (Doc. 5.) According to Plaintiff, Defendants are foreign companies who regularly monitor infringement lawsuits to escape liability. Once named the suit, Defendants are "quickly drain their marketplace accounts, clean out their money transfer accounts, change their usernames, and hide their identities to

avoid being caught." (*Id.* at 3.) To avoid tipping Defendants off, Plaintiff asks to file unredacted pleadings and an application for a temporary restraining order under seal. The seal will then last "until the Court has the opportunity to rule on Plaintiff's request for temporary ex parte relief and, if granted, the relief ordered therein has been effectuated." (Doc. 5 at 4.)

A court has discretion to determine which parts of the record should be sealed, but its discretion is guided by the presumption of public access. *Perez-Guerrero v. U.S. Attorney Gen.*, 717 F.3d 1224, 1235 (11th Cir. 2013). "Judges deliberate in private but issue public decisions after public arguments based on public records. . . . Any step that withdraws an element of the judicial process from public view makes the ensuing decision look more like fiat and requires rigorous justification." *Id.*

Good cause may overcome the presumption of public access. *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007). In evaluating whether good cause exists, the court must balance the interest in public access against a party's interest in keeping the documents confidential. *Id.* Considerations include whether allowing access would impair court functions or harm legitimate privacy interests, the degree and likelihood of injury if the documents are made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information

concerns public officials or public concerns, and the availability of a less restrictive alternative to sealing. *Id.*

Plaintiff has overcome the presumption of public access and shown good cause for filing the requested documents under seal. Sealing is necessary to avoid Defendants taking action to avoid liability, which Plaintiff has demonstrated occurs with frequency in this sphere.

Plaintiff also asks that she be allowed to proceed under a pseudonym until Defendants are on notice of the action. (Doc. 6.) But this relief is unnecessary because, under the Court's ruling above, the only documents containing her identity will be under seal until the temporary restraining order is addressed and served.

Accordingly, it is now **ORDERED:**

1. Plaintiff's Motion for Leave to File Under Seal Certain Documents Containing Identifying Information About the Parties (Doc. 5) is **GRANTED**;

2. Plaintiff shall be permitted to file, and the Clerk is directed to accept, the following documents **UNDER SEAL**:

   i. Unredacted Complaint and supporting exhibits;

   ii. Schedule "A" to the Unredacted Complaint;

   iii. Plaintiff's Ex Parte Application for Entry of Temporary Restraining Order, Preliminary Injunction, and Order Restraining Transfer of Assets and Incorporated

3

Memorandum of Law ("Application for TRO") and supporting declarations and exhibits.

3. The above documents shall remain under seal until further order from this Court.

4. Plaintiff's Motion for Leave to Temporarily Proceed Under Pseudonym (Doc. 6) is **DENIED AS MOOT**.

**ENTERED** in Fort Myers, Florida on April 2, 2024.

Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record

4